UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **YODJEU NTEMDE LEOPOLD CAMILLE**<br>A201-891-113 | : | **DOCKET NO. 21-cv-00600**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE ROBERT R. SUMMERHAYS** |
| **U S IMMIGRATION &**<br>**CUSTOMS ENFORCEMENT** | : | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Yodjeu Ntemde Leopold Camille on March 8, 2021, in the United States District Court for the Southern District of Illinois. Doc. 1. At the time of filing, Camille was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Pine Prairie Jail in Pine Prairie, Louisiana. *See* doc. 3.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

**I.    Background**

The basis for the petition filed by Yodjeu Ntemde Leopold Camille, also known as "The Son of God; the Bantu Hebrew Jew; the Immortal, Indomitable and Invincible Lion King Leo Yodjeu" (doc. 11-1, p. 1), is unclear. However, according to the return address on his most recent filing with this Court, it is clear that Camille is no longer incarcerated in Pine Prairie. It appears he has been released and is living in California and, accordingly, is no longer "in custody." Moreover, he does not request release from imprisonment or custody. Rather, he only asks the Court to: (1) order the Attorney General of the United States Government for Law Enforcement

(FBI, CIA) to take measures to quickly ensure his safety in the United States and the world; (2) order the Attorney General to open a "planetary investigation based on United State (sic) Extraterritoriality laws against the Luciferian and reptilian networks (5% of the World population) which has persecuted him for 14 years in three continents (Africa, America and Europe) for 9 years in Canada and for 5 months in the United States since it is the same network which committed the Luciferian and Nazi insurrection at the Capitol on January 6, 2021 and which plans WWIII which will begin with the destruction of the Eiffel Tower and Paris and the flight of Parisians to the seashore and to Africa followed by apocalyptic tribulations and the murder of over 3 billion real men (which conscience and souls 95% of World population); (3) order that his detention by the United States Immigration and Customs Enforcement is abusive and illegal; (4) order that his detention by United States Immigration and Customs Enforcement is fraudulent and criminal; (5) order through the United States Exterritorial Laws that all judicial acts in any jurisdiction of this world rendered during his detention by United States Immigration and Customs Enforcement are illegal and fraudulent; (6) order that specifically that the order issued on February 12, 2021 by the judges of the Court of Appeal of Quebec Canada is illegal, abusive, fraudulent and criminal given that the clerks and judges of the Court of Appeal of Quebec Canada have communicated with the general manager of his prison to encourage and support his illegal and fraudulent detention by the United States Department of Homeland Security; (7) order that the Safe Third Country Agreement STCA is unconstitutional; suspend the law and order the release of all detainees held in connection with the Safe Third Country Agreement; (8) order that the Safe Third Country Agreement is not in conformity with the (sic) Romes Laws including refugee law and the Convention Against Torture of UN ratified by the United States; and (9) order that all refugees currently detained by the United States who do not pose a threat to the security of the United States and who have family

in the States be released on humanitarian grounds so that the asylum process can continue with dignity, respect to human rights and in the presence of their family members. Doc. 11-1, pp. 38-39.

## II. Law & Analysis

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

Pursuant to 28 U.S.C. § 2241, a petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has recognized that a non-citizen may raise "statutory and constitutional challenges to post-removal-period detention" in a habeas corpus proceeding under Section 2241. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). "[H]abeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

The Supreme Court has recognized that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Considering this precedent, the Fifth Circuit has recognized that "[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the prisoner is confined." *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (citing *Padilla*, 542 U.S. at 442-43; *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)).

As Camille is no longer physically confined in this district, and because he does not seek release from custody, habeas relief is not available in the instant matter.

### III.  Conclusion

Accordingly,

**IT IS RECOMMENDED** that the petition before this Court be **DENIED** and the matter be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 9th day of July, 2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**